UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE REYNA ALVARADO,

    Debtor.

No. C 12-06190 PJH

Bankruptcy Case No. 12-32156 DM

**ORDER DENYING MOTION TO STAY**

_____/

    Appellant Albert M. Kun moves for an order staying, pending appeal, the November 14, 2012 order of the bankruptcy court requiring disgorgement of attorney's fees. The United States Trustee opposes the motion to stay. The briefs on the motion are fully submitted, and the court determines that the matter is suitable for decision without oral argument. For the reasons set forth below, the motion to stay is DENIED.

**I.    Background**

    On July 23, 2012, Kun filed a petition for relief under Chapter 7 as counsel for debtor Reyna Alvarado. Debtor filed a certificate of credit counseling which stated that she completed a course in credit counseling on December 1, 2011, or 235 days prior to filing. Doc. no. 10-1 at 10 (appellant's designation of record on appeal). Kun admits that the time between obtaining credit counseling and filing the petition was "slightly over the 180 days provided by law." Doc. no. 5 ¶ 2 (memorandum in support of motion to stay). *See* 11 U.S.C. § 109(h) (requiring debtor to receive credit counseling "during the 180-day period ending on the date of filing of the petition by such individual").

    Kun entered a fee arrangement with debtor for a flat fee of $1,000, plus filing fees, and was paid in three installments prior to the filing of the petition. Doc. no. 10-1 at 32-33

(Kun declaration).

The Acting United States Trustee moved to dismiss debtor's case on the ground that debtor did not obtain credit counseling within the 180-day statutory period. Doc. no. 10-1 at 11. The trustee also moved for disgorgement of fees paid to Kun in connection with debtor's case on the ground that Kun did not properly advise debtor to obtain timely credit counseling and filed the case with a stale credit counseling certificate. Doc. no. 10-1 at 21. On November 14, 2012, the bankruptcy court entered orders dismissing the case and requiring Kun to disgorge fees in the amount of $1,000. The bankruptcy court ordered Kun to pay $1,000 to debtor within ten days of the entry of the order. Doc. no. 10-1 at 42.

Kun timely filed a notice of appeal from the order to disgorge fees. Debtor did not appeal from the order of dismissal.

On November 29, 2012, the bankruptcy court entered a docket text order stating that more than ten days have passed since the entry of the order to disgorge fees, and that "Mr. Kun is ordered to file a certificate of compliance or non-compliance no later than December 7, 2012." Doc. no. 10-1 at 46 (docket sheet).

On December 4, 2012, Kun filed a motion to stay pending appeal, which the bankruptcy court denied by order dated December 6, 2012. Doc. no. 10-2 at 164-66 (appellee's designation of record on appeal).

Kun filed the instant motion to stay on December 21, 2012. The trustee filed a response to the motion to stay on January 16, 2013. Kun did not file a reply brief in support of his motion to stay in this action, but the court notes that he filed a reply in support of a similar motion to stay in a related appeal, *In re Gilda Alvarado*, C 12-6478 PJH.

**II.   Legal Standard**

"A stay is not a matter of right, even if irreparable injury might otherwise result[, but] is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citations and internal quotation marks omitted). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* at

433-34. The determination whether to issue a stay is governed by the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434.

"The first two factors of the traditional standard are the most critical." *Id.* "Regarding the first factor, *Nken* held that it is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). To satisfy the first factor and make a strong showing of likelihood of success, the Ninth Circuit requires that "'at a minimum, a petitioner must show that there is a 'substantial case for relief on the merits.'" *Id.* (quoting *Leiva–Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam)).

"[T]he second stay factor, 'whether the applicant will be irreparably injured absent a stay,' requires more than 'some possibility of irreparable injury.'" *Id.* (quoting *Nken*, 556 U.S. at 434–35). "But, in contrast to the first factor, we have interpreted *Nken* as requiring the applicant to show under the second factor that there is a probability of irreparable injury if the stay is not granted." *Id.* (citing *Leiva–Perez*, 640 F.3d at 968). "In analyzing whether there is a probability of irreparable injury, we also focus on the individualized nature of irreparable harm and not whether it is 'categorically irreparable.'" *Id.* A proper showing regarding irreparable harm is "a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay," regardless of the proof regarding the other stay factors. *Leiva-Perez*, 640 F.3d at 965

**III.     Discussion**

    **A.     Likelihood of Success**

Kun has not met his burden to make a strong showing that he is likely to succeed on the merits of his appeal. Kun relies on *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004) to support his argument that a pre-filing retainer fee, such as the $1,000 paid by debtor here,

3

is an acknowledged practice of the profession and is not part of the bankruptcy estate, and therefore not refundable. Doc. no. 5 at 3.

In *Lamie*, the Supreme Court construed sections 327 and 330 of the Bankruptcy Code, and held that, according to the plain meaning of § 330(a), only attorneys employed under § 327 and approved by the court are entitled to receive compensation from the bankruptcy estate. 540 U.S. at 534-35. "Sections 327 and 330, taken together, allow Chapter 7 trustees to engage attorneys, including debtors' counsel, and allow courts to award them fees." *Id.* at 537. The Supreme Court recognized, however, that § 330(a)(1) does not prevent a debtor from paying a bankruptcy attorney in advance of filing a Chapter 7 petition. "It appears to be routine for debtors to pay reasonable fees for legal services before filing for bankruptcy to ensure compliance with statutory requirements. [Citation omitted.] So our interpretation accords with common practice. Section 330(a)(1) does not prevent a debtor from engaging counsel before a Chapter 7 conversion and paying reasonable compensation in advance to ensure that the filing is in order." *Id.* at 537-38.

Kun relies on the advance payment exception, as recognized in *Lamie*, to argue that a prepetition retainer fee cannot be disgorged because it is not part of the bankruptcy estate. Under *Lamie*, as the bankruptcy court recognized in *In re Blackburn*, 448 B.R. 28, 38 (Bankr. D. Idaho 2011), prepetition retainer fees "are not estate property for which § 330 approval is required." The issue of court approval for payment of attorney compensation is not presented here, however. Rather, the issue presented on Kun's appeal is whether the bankruptcy court had authority to order Kun to return the $1,000 retainer fee as excessive pursuant to § 329. Kun cites no authority that deprives the bankruptcy court of its authority to order the debtor's attorney to return compensation that exceeds the reasonable value of the services rendered pursuant to 11 U.S.C. § 329(b).

Section 329 governs debtor's transactions with attorneys and provides as follows:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of

> the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--
>    (1) the estate, if the property transferred--
>       (A) would have been property of the estate; or
>       (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>    (2) the entity that made such payment.

11 U.S.C. § 329.

In *Hale v. U.S. Trustee*, 509 F.3d 1139, 1147 (9th Cir. 2007), the court of appeals held, "Under § 329(b), a bankruptcy court may examine the reasonableness of a debtor's attorney fees and, 'if such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive.'" In *Hale*, the court found that the bankruptcy court did not abuse its discretion in disgorging the debtors' attorney of his fees where "the only service Hale provided to Debtors was the completion of a bankruptcy petition that was incomplete and erroneous and that required extensive amendments." *Id.*

Here, the bankruptcy court held a hearing on the trustee's motion to disgorge fees, and the court found that "a lawyer who takes a thousand dollars to file a bankruptcy for a client for a case that is dismissed for failed – defect in the qualification, namely, and untimely credit counseling, has not provided any benefit and in my view is unreasonable to take any fees." Doc. no. 10-2 at 135. The bankruptcy court rejected Kun's argument that the fee was reasonable and was not part of the estate, and held that the disgorgement of fees was governed by § 329 as well as Federal Rule of Bankruptcy Procedure 2017. *Id.*

Kun offers no authority for the proposition that being paid his fees prior to filing the Chapter 7 petition would divest the bankruptcy court of its authority under § 329 to order him to return fees that it has determined to be excessive or unreasonable. In *Lamie*, the Supreme Court expressly recognized that the Bankruptcy Code anticipates such advance fee arrangements, and authorizes the bankruptcy court's oversight of the reasonableness of those fees, by requiring that "debtors' attorneys must disclose fees they receive from a

5

debtor in the year prior to its bankruptcy filing and courts may order excessive payments returned to the estate." *Lamie*, 540 U.S. at 538 (citing 11 U.S.C. § 329). Under § 329 and the holding of *Hale*, the bankruptcy court was authorized to order Kun to return the fees upon finding that the fees were unreasonable.

Kun also disputes the grounds for dismissal of debtor's bankruptcy case, and contends that § 109(h) is not clear as to whether the debtor must receive credit counseling within the 180 days prescribed by the statute. Doc. no. 5 at 2. Kun has not demonstrated that he has standing to challenge the dismissal of the bankruptcy case, which was not appealed. Nevertheless, Kun cites bankruptcy court authority for the proposition that dismissal is not appropriate where the debtors took credit counseling and thereby complied with the spirit of § 109(h), even though the debtors exceeded the 180-day statutory period. *Id.* (citing *In re Bricksin*, 346 B.R. 497, 502 (Bankr. N.D. Cal. 2006)). As Kun acknowledges elsewhere, however, the trustee made him aware of the decision of the Bankruptcy Appellate Panel of the Ninth Circuit in *In re Gibson*, 2011 WL 7145612, *3 (B.A.P. 9th Cir. Dec. 1, 2011), which disapproved of the holding in *Bricksin*, finding that "there is no basis for that interpretation of § 109(h)." *See* doc. no. 10-1 at 33 ¶ 7 (Kun declaration). In *Gibson*, the BAP strictly applied the credit counseling requirement and, finding that "the command of § 109(h) is clear" in requiring credit counseling within 180 days before filing a petition, held that an individual "may not be a debtor" unless she complies with § 109(h). 2011 WL 7145612 at *3-4. Although *Gibson* is an unpublished decision, the court finds it to be well-reasoned, basing its interpretation of § 109(h) on the plain language of the statute. Kun fails to cite *Gibson* or address its reasoning in his papers.

Kun therefore fails to show a "substantial case for relief on the merits" in support of his motion to stay. *Leiva–Perez*, 640 F.3d at 966.

**B.     Irreparable Harm**

Kun argues that he would suffer irreparable harm if the disgorgement order is not stayed because he would not be able to recover the money later from debtor, who is not a party to this appeal, and the bankruptcy case has been dismissed. Doc. no. 5 at 3.

"Normally the mere payment of money is not considered irreparable, but that is because money can usually be recovered from the person to whom it is paid.  If expenditures cannot be recouped, the resulting loss may be irreparable." *Philip Morris USA Inc. v. Scott*, 131 S. Ct. 1, 4 (2010).  Kun fails to demonstrate that the fees will not likely be recoverable because in dismissing debtor's bankruptcy case, the bankruptcy court expressly reserved jurisdiction to enforce its order to disgorge fees.  Doc. no. 10-2 at 139.  If Kun were to prevail on appeal from the order to disgorge fees, the bankruptcy court would retain post-dismissal jurisdiction over that order.  *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (recognizing that, where a settlement agreement leads to dismissal of the case, bankruptcy court may exercise ancillary jurisdiction to vindicate its authority or effectuate its decree if the court's dismissal order explicitly retained jurisdiction or incorporated the terms of the settlement agreement).  Kun therefore fails to meet his burden of showing a probability of irreparable harm in support of his motion to stay.

### C. Remaining Factors

As Kun fails to satisfy the first two critical factors under *Nken*, 556 U.S. at 434, it is unnecessary to inquire as to the remaining two factors, i.e., substantial injury to other parties and the public interest.  *See Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir.1996) (declining to continue analysis of motion to stay pending appeal where moving party failed to satisfy first factor's threshold requirement).

## IV. Conclusion

Kun fails to demonstrate either a likelihood of success on the merits of his appeal or a probability of irreparable harm.  Because Kun has failed to satisfy these critical factors to support a stay of the bankruptcy court's order, the motion to stay is DENIED.

**IT IS SO ORDERED.**

Dated:    January 30, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge