1
2
3
4
5            UNITED STATES DISTRICT COURT
6           NORTHERN DISTRICT OF CALIFORNIA
7
8  IN RE REYNA ALVARADO,                    No. C 12-06190 PJH
9           Debtor.                          Bankruptcy Case Nos. 12-32156 DM;
                                             12-32049 DM
10
                                            **ORDER AFFIRMING ORDERS OF THE**
11  _____/       **BANKRUPTCY COURT**
12
13         In these consolidated appeals, Attorney Albert M. Kun ("Kun") appeals from the
14  orders of the bankruptcy court dismissing the bankruptcy cases and requiring disgorgement
15  of attorney's fees.  The United States Trustee filed an answering brief and Kun filed a reply
16  brief in each appeal.  The court determines that the matter is suitable for decision without
17  oral argument.  For the reasons set forth below, the orders of the bankruptcy court are
18  AFFIRMED.
19                              **BACKGROUND**
20  **A.    Reyna Alvarado**
21         On July 23, 2012, Kun filed a petition for relief under chapter 7 as counsel for debtor
22  Reyna Alvarado.  Debtor filed a certificate of credit counseling which stated that she
23  completed a course in credit counseling on December 1, 2011, or 235 days prior to filing.
24  *In re Reyna Alvarado*, C 12-6190 PJH, doc. no. 10-1 at 10 (appellant's designation of
25  record on appeal).  This time between obtaining credit counseling and filing the petition was
26  "slightly over the 180 days provided by law."  *Id.*, doc. no. 15 at 2 (appellant brief).  *See* 11
27  U.S.C. § 109(h) (requiring debtor to receive credit counseling "during the 180-day period
28  ending on the date of filing of the petition by such individual").

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Kun entered a fee arrangement with debtor for a flat fee of $1,000, plus filing fees,

2  and was paid in three installments prior to the filing of the petition. *In re Reyna Alvarado*,

3  C 12-6190 PJH, doc. no. 10-1 at 32-33 (Kun declaration).

4    The Acting United States Trustee moved to dismiss debtor's case on the ground that

5  debtor did not obtain credit counseling within the 180-day statutory period. *Id.* at 11.  The

6  trustee also moved for disgorgement of fees paid to Kun in connection with debtor's case

7  on the ground that Kun did not properly advise debtor to obtain timely credit counseling and

8  filed the case with a stale credit counseling certificate. *Id.* at 21.  On November 14, 2012,

9  the bankruptcy court entered orders dismissing the case and requiring Kun to disgorge fees

10 in the amount of $1,000.  The bankruptcy court ordered Kun to pay $1,000 to debtor within

11 ten days of the entry of the order. *Id.* at 42.

12    Kun timely filed a notice of appeal from the order to disgorge fees and the order

13 dismissing the case.  Debtor did not appeal from the order of dismissal.

14    On November 29, 2012, the bankruptcy court entered a docket text order stating that

15 more than ten days have passed since the entry of the order to disgorge fees, and that "Mr.

16 Kun is ordered to file a certificate of compliance or non-compliance no later than December

17 7, 2012." *Id.* at 46 (docket sheet).

18    On December 4, 2012, Kun filed a motion to stay pending appeal, which the

19 bankruptcy court denied by order dated December 6, 2012. *Id.*, doc. no. 10-2 at 164-66

20 (appellee's designation of record on appeal).  Kun subsequently filed a motion to stay in

21 this court, which denied the motion to stay by order entered January 30, 2013.

22    Kun filed his opening brief in the *In re Reyna Alvarado* appeal on February 7, 2013.

23 The trustee filed an answering brief on March 19, 2013, and Kun filed a reply brief on April

24 1, 2013.

25 **B.    Gilda Alvarado**

26    On July 10, 2012, Kun filed a petition for relief under chapter 7 as counsel for debtor

27 Gilda Alvarado, Reyna Alvarado's daughter.  Debtor filed a certificate of credit counseling

28 which stated that she completed a course in credit counseling on November 29, 2011, or

1   224 days prior to filing. *In re Gilda Alvarado*, Case No. 12-6478 PJH, doc. no. 3-1 at 11

2   (appellant's designation of record on appeal). This time between obtaining credit

3   counseling and filing the petition was "slightly over the 180 days provided by law." *Id.*, doc.

4   no. 11 at 2 (appellant brief). *See* 11 U.S.C. § 109(h) (requiring debtor to receive credit

5   counseling "during the 180-day period ending on the date of filing of the petition by such

6   individual").

7       Kun entered a fee arrangement with debtor for a flat fee of $1,000, plus filing fees,

8   and was paid in three installments prior to the filing of the petition. *In re Gilda Alvarado*,

9   Case No. 12-6478 PJH, doc. no. 3-1 at 38-39 (Kun declaration).

10      The Acting United States Trustee moved to dismiss debtor's case on the ground that

11  debtor did not obtain credit counseling within the 180-day statutory period. *Id.* at 12. The

12  trustee also moved for disgorgement of fees paid to Kun in connection with debtor's case

13  on the ground that Kun did not properly advise debtor to obtain timely credit counseling and

14  filed the case with a stale credit counseling certificate. *Id.* at 22. On October 10, 2012, the

15  bankruptcy court entered an order requiring Kun to disgorge fees in the amount of $1,000

16  and to pay debtor the amount of $1,000 within ten days of the entry of the order. *Id.* at 66.

17  On October 11, 2012, the bankruptcy court entered an order dismissing the case. *Id.*, doc.

18  no. 3-2 at 49 (appellee's designation of record on appeal).

19      On October 24, 2012, Kun filed a notice of appeal from the order to disgorge fees

20  and the order dismissing the *In re Gilda Alvarado* case. Debtor did not appeal from the

21  order of dismissal. Kun filed a motion to stay in this court, which denied the motion to stay

22  by order entered January 30, 2013.

23      Kun filed an opening brief in *In re Gilda Alvarado* on January 29, 2013. The trustee

24  filed an answering brief on March 19, 2013, and Kun filed a reply brief on April 1, 2013.

25  The court consolidated the *In re Gilda Alvarado* appeal with the earlier-filed appeal in *In re*

26  *Reyna Alvarado*.

27

28

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

**ISSUES PRESENTED**

Kun's appeals from the orders of the bankruptcy court in the bankruptcy cases of Gilda Alvarado and Reyna Alvarado (collectively, "debtors") present the following issues:

1.    Whether Kun has standing to appeal from the orders dismissing the bankruptcy cases;

2.    Whether the bankruptcy court erred in dismissing debtors' chapter 7 cases pursuant to 11 U.S.C. § 707;

3.    Whether the bankruptcy court erred in ordering Kun to return his retainer fee to each debtor pursuant to 11 U.S.C. § 362; and

4.    Whether the trustee had authority to ask the bankruptcy court to disgorge fees.

**STANDARDS OF REVIEW**

The court reviews the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error. *Citibank v. Eshai (In re Eshai)*, 87 F.3d 1082, 1086 (9th Cir. 1996). A bankruptcy court's decision to grant or deny a motion to dismiss for misconduct that constitutes "cause" is reviewed for abuse of discretion; however, whether a particular type of misconduct can constitute "cause" under § 707(a) is a question of law that is reviewed de novo. *In re Sherman*, 491 F.3d 948, 969 (9th Cir. 2007). A bankruptcy court's decision on attorney's fees is reviewed for abuse of discretion. *Hale v. United States Trustee*, 509 F.3d 1139, 1146 (9th Cir. 2007).

**DISCUSSION**

**A.    Legal Standard**s

A bankruptcy court may dismiss a case pursuant to section 707(a) "only after notice and a hearing and only for cause." The statute defines cause as "including" the following:

> (1)    unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2)    nonpayment of any fees or charges required under chapter 123 of title 28; and

4

United States District Court
For the Northern District of California

1        (3)     failure of the debtor in a voluntary case to file, within fifteen
2                 days or such additional time as the court may allow after the
              filing of the petition commencing such case, the information
3                 required by paragraph (1) of section 521(a) [i.e., a list of
              creditors and various financial disclosures], but only on a
4                 motion by the United States trustee.

5   11 U.S.C. § 707(a)(1) - (3).  The types of conduct enumerated in § 707(a) as cause are not

6   exclusive.  *Neary v. Padilla* (*In re Padilla*), 222 F.3d 1184, 1191 (9th Cir. 2000), *partially*

7   *superseded by statute on other grounds*, 11 U.S.C. § 707(b)(3)(A).

8         Under 11 U.S.C. § 329(b), "a bankruptcy court may examine the reasonableness of

9   a debtor's attorney fees and, 'if such compensation exceeds the reasonable value of any

10  such services, the court may cancel any such agreement, or order the return of any such

11  payment, to the extent excessive.'"  *Hale*, 509 F.3d at 1147.

12  **B.      Bankruptcy Court's Ruling**

13        Upon noticed motions of the trustee to dismiss and for disgorgement of all fees paid

14  to Kun in connection with each debtor's case, the court held a hearing on the motions in

15  each case after briefing on the motions was complete.

16       **1.      Gilda Alvarado**

17        The bankruptcy court held a hearing on the motions to dismiss and for disgorgement

18  in Gilda Alvarado's case on October 5, 2012, at which Kun and debtor were present.  Kun

19  argued that there was no authority that the requirement to take credit counseling within 180

20  days of filing the petition must be strictly enforced, and argued that there was no prejudice

21  caused by the staleness of the counseling certificate, which he conceded was dated 45

22  days beyond the 180-day period.  The bankruptcy court held that under the plain meaning

23  of section 109(h), "as I read the statute and I think as the U.S. Trustee reads the statute, if

24  the credit counseling was 181 days before the petition, the Debtor is not eligible."  October

25  5, 2012 Transcript at 7-8.  The bankruptcy court advised debtor that under the statute, "you

26  have to do this counseling within the 180-day window before your bankruptcy, and there

27  are some exceptions, but you haven't indicated any basis for an exception." *Id.* at 10.  The

28  bankruptcy court informed debtor that the motion to dismiss would be granted, and that

United States District Court
For the Northern District of California

1    "you need to get relief from your creditors by filing another case, and oddly enough, this will

2    sound crazy; you'll have to take another credit counseling, because if you were to file a

3    new case, obviously your credit counseling is stale." *Id.*  The bankruptcy court held that

4    "under controlling authority, the credit counseling requirement is an eligibility issue; it is not

5    jurisdictional, and if there is a defect in one form or the other, either no credit counseling

6    taken or no available exemption, and no one does anything about it, then the debtor

7    breezes through and there's nothing - no harm no foul.  But when a party in interest, and in

8    particular the United States Trustee, moves, I don't have any choice." *Id.* at 15-16.

9         The bankruptcy court also granted the trustee's motion for disgorgement of fees,

10   ordering Kun to refund the $1,000 fee to Gilda Alvarado pursuant to section 329.  *Id.* at 16-

11   17.  The bankruptcy court reasoned that Kun's error "in not getting the credit counseling

12   within the proper time period is why Ms. Alvarado is not going to get the benefit of this

13   bankruptcy, and she needs relief, and she needs to pay another lawyer, and you ought to

14   pay that other lawyer by giving her back the thousand dollars." *Id.* at 17.  In other words,

15   "She shouldn't pay a thousand plus whatever the other lawyer charges to have one

16   defective bankruptcy and one proper bankruptcy." *Id.*  The bankruptcy court entered an

17   order to disgorge fees on October 10, 2012, and an order dismissing Gilda Alvarado's case

18   on October 11, 2012.

19        **2.    Reyna Alvarado**

20        At the November 9, 2012, hearing in Reyna Alvarado's case, the bankruptcy court

21   advised debtor that she did not obtain timely credit counseling as required by statute, and

22   that the court would dismiss her case without prejudice.  Nov. 9, 2012 Transcript at 4 ("So if

23   you want the benefit of a bankruptcy discharge you can file again.").  The bankruptcy court

24   also ordered that the $1,000 prepetition fee paid to Kun be disgorged.  The bankruptcy

25   court held that the disgorgement was governed by 11 U.S.C. § 329 and Federal Rule of

26   Bankruptcy Procedure 2017, and found that "a lawyer who takes a thousand dollars to file a

27   bankruptcy for a client for a case that is dismissed for failed - defect in the qualification,

28   namely, an untimely credit counseling, has not provided any benefit and in my view is

1   unreasonable to take any fees." *Id.* at 7.  The bankruptcy court rejected Kun's argument

2   that the fee was not part of the estate, and therefore not reviewable under sections 330 and

3   327, because those provisions apply to counsel hired by the trustee and were not

4   applicable to the fees paid to Kun.  *Id.*  The bankruptcy court further noted that Kun

5   "provided nothing but a mess" for debtor, who "now has to get bankruptcy relief by filing

6   another bankruptcy case with another attorney." *Id.* at 8.  In other words, "She got no

7   value" for the fee paid to Kun.  *Id.*  On November 14, 2012, the bankruptcy court entered a

8   written order dismissing the case, and a separate order requiring Kun to disgorge his fees

9   and pay $1,000 to Reyna Alvarado.

10  **C.     Analysis**

11         **1.     Kun's Standing to Appeal from Orders of Dismissal**

12         As a threshold matter, Kun must demonstrate that he has standing to challenge the

13  orders dismissing the bankruptcy cases, which were not appealed by either debtor.  To

14  have standing to appeal in bankruptcy cases, appellants must demonstrate constitutional

15  standing and satisfy the prudential limitation on standing to appeal in bankruptcy cases.  *In*

16  *re Veal*, 450 B.R. 897, 906 (B.A.P. 9th Cir. 2011).

17         **a.     Article III Standing**

18         To establish Article III standing, a party must demonstrate the following:

19                    (1) it has suffered an 'injury in fact' that is (a) concrete and
                       particularized and (b) actual or imminent, not conjectural or
20                    hypothetical; (2) the injury is fairly traceable to the challenged action
                       of the defendant; and (3) it is likely, as opposed to merely
21                    speculative, that the injury will be redressed by a favorable decision.

22  *In re Sherman,* 491 F.3d at 957 (quoting *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197

23  (9th Cir. 2004)) (internal citations and quotation marks omitted).

24         The trustee contends that Kun lacks standing to appeal from the dismissal orders

25  because he has not satisfied the requirements of injury, causation and redressability.

26  Kun's briefs do not address the arguments challenging his Article III standing, but the court

27  determines that Kun has shown a monetary loss that is fairly traceable to the bankruptcy

28  court's orders granting the trustee's motions to dismiss, which served as the predicate for

United States District Court
For the Northern District of California

7

United States District Court

For the Northern District of California

1   the orders to disgorge fees.  Further, if Kun's appeal is successful, reversal of the orders of

2   dismissal would redress the disgorgement of fees.  The court is thus satisfied that Kun has

3   met the relatively minimal requirements for Article III standing.

4               **b.      Prudential Standing**

5        Under Ninth Circuit authority, the prudential standing doctrine, or the "person

6   aggrieved" test, requires that "only those persons who are directly and adversely affected

7   pecuniarily by an order of the bankruptcy court . . . have standing to appeal that order." *In*

8   *re Palmdale Hills Prop., LLC*, 654 F.3d 868, 874 (9th Cir. 2011) (quoting *Fondiller v.*

9   *Robertson* (*Matter of Fondiller*), 707 F.2d 441, 442 (9th Cir. 1983)) (internal quotation

10   marks omitted).  As the Ninth Circuit articulated in *Fondiller*,

11               [The "person aggrieved" test] exists to fill the need for an explicit
               limitation on standing to appeal in bankruptcy proceedings.  This
12               need springs from the nature of bankruptcy litigation which almost
               always involves the interests of persons who are not formally parties
13               to the litigation.  In the course of administration of the bankruptcy
               estate disputes arise in which numerous persons are to some degree
14               interested.  Efficient judicial administration requires that appellate
               review be limited to those persons whose interests are directly
15               affected.

16   *Fondiller*, 707 F.2d at 443 (citations omitted).

17        Here, Kun has demonstrated a direct pecuniary interest in the orders of dismissal

18   which were based on debtors' failure to comply with the credit counseling requirement and

19   resulted in disgorgement of fees.  The trustee argues that Kun lacks prudential standing to

20   appeal from the dismissal orders because they did not directly and adversely affect Kun's

21   property, increase his financial burdens, or detrimentally affect his rights.  Appellee Br. at

22   15 (citing *Fondiller*, 707 F.2d at 442).  The court determines, however, that the

23   disgorgement of fees qualifies Kun as a person aggrieved so as to satisfy the prudential

24   considerations of the heightened standing requirements in bankruptcy appeals.  *See In re*

25   *Cooper Commons LLC*, 512 F.3d 533, 536 (9th Cir. 2008) ("we believe that the Firm made

26   a sufficient showing of potential injury to its interest for us, in this unusual case, not to apply

27   the strict criteria for standing and to accept the appeal and adjudicate it.").

28

8

1

**2.    Cause for Dismissal**

2      Kun disputes the grounds for dismissal of the debtors' bankruptcy cases, and

3 contends that § 109(h) does not have plain language requiring the debtor to receive credit

4 counseling within the 180 days of filing the petition.  Appellant Br. at 3-5.

5      A court may dismiss a bankruptcy case under § 707(a) only after notice and hearing

6 and only for cause, including three enumerated causes.  *In re Sherman*, 491 F.3d at 970

7 (citing 11 U.S.C. § 707(a); *Padilla*, 222 F.3d at 1193).  Here, as in *Sherman*, no party

8 contends that any of the three enumerated causes listed in § 707(a) apply to the present

9 case.  There is no Ninth Circuit authority on the question whether noncompliance with the

10 credit counseling requirement under section 109(h) establishes cause for dismissal under

11 section 707(a).

12      In *Sherman*, the party moving to dismiss a chapter 7 action for "cause" pursuant to

13 § 707(a) alleged that the opposing party had used the bankruptcy proceeding as a refuge

14 from another court's judgment, and that the bankruptcy filing was part of a "scorched earth

15 policy" (transferring funds from one creditor to another to avoid payment to a third

16 creditor.).  The *Sherman* court followed the two-part test for cause articulated in *Padilla*:

17 "First, we must consider whether the circumstances asserted to constitute 'cause' are

18 'contemplated by any specific Code provision applicable to Chapter 7 petitions.'  If the

19 asserted 'cause' is contemplated by a specific Code provision, then it does not constitute

20 'cause' under § 707(a)."  *In re Sherman*, 491 F.3d at 970 (citing *Padilla*, 222 F.3d at 1193-

21 94). Under the second step of the inquiry, if the asserted 'cause' is not contemplated by a

22 specific Code provision, then we must further consider whether the circumstances asserted

23 otherwise meet the criteria for 'cause' for discharge under § 707(a)."  *Id.*  The Ninth Circuit

24 held that the alleged misconduct was covered by other Bankruptcy Code provisions,

25 namely 11 U.S.C. § 362 and 11 U.S.C. § 547, and therefore, under the reasoning of

26 *Padilla*, could not be considered as cause for dismissal pursuant to § 707(a).  *In re*

27 *Sherman*, 491 F.3d at 971-72.

28

**United States District Court**
For the Northern District of California

9

United States District Court
For the Northern District of California

1    Unlike *Sherman*, where the conduct at issue was contemplated by specific code

2    provisions, no other section of the Bankruptcy Code provides a remedy for a debtor's

3    failure to satisfy the credit counseling requirement.  Subsection (b) of section 521 governing

4    the debtor's duties, which is not specifically contemplated by section 707(a), requires the

5    debtor to file a certificate from the credit counseling agency but does not include an

6    enforcement provision:

7         In addition to the requirements under subsection (a), a debtor who is
          an individual shall file with the court–

8
          (1)    a certificate from the approved nonprofit budget and
9                credit counseling agency that provided the debtor
                 services under section 109(h) describing the services
10               provided to the debtor; and

11        (2)    a copy of the debt repayment plan, if any, developed
                 under section 109(h) through the approved nonprofit
12               budget and credit counseling agency referred to in
                 paragraph (1).
13

14   11 U.S.C. § 521(b).  Applying the first prong of the *Padilla* test for cause, the parties have

15   not identified a separate statutory provision that enforces the credit counseling requirement

16   under section 109(h).

17        Turning to the second prong of the *Padilla* test, the court finds that failure to satisfy

18   the credit counseling requirement is sufficient cause to dismiss the bankruptcy case without

19   prejudice pursuant to section 707(a).  *See In re Dunn*, 2010 WL 6451888 (B.A.P. 9th Cir.

20   Feb. 4, 2010) (failure to attend initial meeting of creditors, and a continuance thereof, was

21   not contemplated by a specific code provision and constituted cause for dismissal under

22   section 707(a)).  In *Dunn*, an unpublished opinion, the bankruptcy appellate panel

23   determined that "§ 343 requires a debtor to appear and submit to examination at the

24   § 341(a) meeting of creditors, but does not specify what happens when the debtor does not

25   comply.  In short, it is appropriate to apply § 707(a) to debtors who do not comply with their

26   duties under § 343."  *Id.* at *5.  Similarly, the court determines that the failure to obtain

27   credit counseling within 180 days of filing the petition, where the statute provides that an

28

United States District Court

For the Northern District of California

1   individual "may not be a debtor" unless the individual has receiving credit counseling,

2   establishes cause for dismissal.

3        Kun concedes that debtors did not complete their credit counseling courses within

4   180 days of filing their respective bankruptcy petitions.  However, Kun contends that the

5   language of section 109(h) is not plain and does not clearly require strict compliance within

6   180 days.  Kun argues that the debtor may waive the credit counseling requirement of

7   section 109(h) pursuant to *In re Mendez*, 367 B.R. 109, 119 (B.A.P. 9th Cir. 2007).  In

8   *Mendez*, the debtor herself, rather than another interested party, sought dismissal of her

9   chapter 7 bankruptcy case.  There, the trustee filed an objection to the exemption claimed

10  by the debtor in her home, and the bankruptcy court sustained the objection, limiting the

11  homestead exemption claim to $150,000.  The debtor then filed a motion to dismiss,

12  asserting that her bankruptcy papers were forged, that she never intended to file

13  bankruptcy and that she failed to comply with the credit counseling requirements of

14  § 109(h).  The bankruptcy court in *Mendez* denied the debtor's motion to dismiss after

15  determining that the record showed that the debtor intended to file for protection under

16  chapter 7, despite evidence that some of the signatures on her bankruptcy papers were

17  forged, and indicated that the debtor decided not to proceed when she realized that she

18  may not be able to retain her assets, particularly her home.  367 B.R. at 119.

19       The bankruptcy appellate panel in *Mendez* affirmed the decision denying the

20  debtor's motion to dismiss, holding as a matter of law that compliance with § 109(h) is an

21  eligibility requirement, not a jurisdictional requirement.  *Id.* at 117-18.  The *Mendez* panel

22  held that the debtor can waive strict compliance with the credit counseling requirements of

23  section 109(h), and that a bankruptcy court has jurisdiction over a case commenced by an

24  ineligible debtor.  *Id.* at 118.  In *Mendez*, the bankruptcy appellate panel cited the

25  bankruptcy court's reasoning that under section 707(a), "a bankruptcy court may dismiss a

26  chapter 7 case for cause shown, but the Debtor does not have an absolute right to have

27  her chapter 7 case dismissed."  *Id.* at 120.  In other words, a debtor who attempts "to use

28  the [§ 109(h)] credit counseling requirement offensively, as a ticket to get out of

United States District Court

For the Northern District of California

1  bankruptcy," can be deemed to have waived that requirement as a basis for dismissal in

2  order to prevent the debtor from abusing or manipulating the bankruptcy system.  *Id.* at

3  114.  *See In re Warren*, 568 F.3d 1113, 1119 (9th Cir. 2009) ("where a bankruptcy court

4  reasonably determines that there is no continuing need for the information or waiver of the

5  [financial disclosure] requirement [under section 521] is necessary to prevent automatic

6  dismissal from furthering a debtor's abusive conduct, the court has discretion to take such

7  an action.") (citation and internal quotation marks omitted).  Thus, *Mendez* does not stand

8  for Kun's proposition that a debtor's failure to comply with section 109(h) amounts to waiver

9  of that requirement which then prohibits the bankruptcy court from dismissing the case.

10       Kun cites bankruptcy court authority for the proposition that dismissal is not

11  appropriate where debtors took credit counseling and thereby complied with the spirit of

12  § 109(h), even though debtors exceeded the 180-day statutory period.  Appellant Br. at 3[1]

13  (citing *In re Bricksin*, 346 B.R. 497, 502 (Bankr. N.D. Cal. 2006)).  In *Bricksin*, the

14  bankruptcy court found that the debtors received initial credit counseling more than 180

15  days prior to filing, and therefore did not satisfy the letter of the statutory requirements.

16  The bankruptcy court declined to dismiss the case, however, upon determining that the

17  debtors complied with the "spirit" of section 109(h) after they took credit counseling by

18  performing under a debt repayment plan until July 2005, less than 180 days before filing

19  the petition.  *In re Bricksin*, 346 B.R. at 502 ("The Court finds that Debtors' completion of

20  credit counseling, and then ongoing performance under the debt repayment plan within the

21  180-day period prior to filing, fulfills the spirit of the statutory requirement.").  The

22  bankruptcy court in *Bricksin* denied the motion to dismiss based on the "unique set of facts"

23  presented by the debtors and in view of the recent enactment of the Bankruptcy Abuse

24  Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which added the section

25  109(h) requirement.  *Id.* at 503 ("It would be inequitable for this Court to hold that these

26  Debtors' technical non-compliance with the law, despite their very best efforts, warrants

27  

28       [1]     The briefs filed by the parties in both appeals present identical argument.  The
    court's citations to the briefs refer to the papers filed in *In re Reyna Alvarado*, C 12-6190 PJH.

United States District Court
For the Northern District of California

1    dismissal of this case, which would require these Debtors to start all over, to pay another

2    $299.00 filing fee, and potentially deprive them of the protection of the automatic stay.").

3         Kun relies on the bankruptcy court's holding in *Bricksin* as authority for the

4    proposition that the 180-day rule is flexible, and that the statutory language is not

5    sufficiently plain to be enforceable.  The court declines to apply *Bricksin* in light of the

6    reasoning of *In re Gibson*, 2011 WL 7145612, *3 (B.A.P. 9th Cir. Dec. 1, 2011), an

7    unpublished opinion.  In *Gibson*, the bankruptcy appellate panel strictly applied the credit

8    counseling requirement.  Finding that "the command of § 109(h) is clear" in requiring credit

9    counseling within 180 days before filing a petition, *Gibson* held that an individual "may not

10   be a debtor" unless she complies with § 109(h).  2011 WL 7145612 at *3-4.  The

11   bankruptcy appellate panel disapproved of the minority view expressed in *Bricksin*, finding

12   that "there is no basis for that interpretation of § 109(h)."  *Id.* at *3.  The court agrees with

13   *Gibson* that the plain language of section 109(h) requires strict application of the

14   requirement to take credit counseling within 180 days before filing the petition.  *See Lamie*

15   *v. United States Trustee*, 540 U.S. 526, 534 ("It is well established that 'when the statute's

16   language is plain, the sole function of the courts - at least where the disposition required by

17   the text is not absurd - is to enforce it according to its terms.");  *Hellon & Associates, Inc. v.*

18   *Phoenix Resort Corp.*, 958 F.2d 295, 297 (9th Cir. 1992) ("if the statutory language is clear,

19   we need look no further than that language itself in determining the meaning of the

20   statute").

21        Kun contends that *Gibson* was wrongly decided because the language of section

22   109(h) is not plain for purposes of strict compliance.  Kun cites the Ninth Circuit's ruling in

23   *Warren*, 568 F.3d at 1119, to suggest that section 109(h) is ambiguous and is not "carved

24   in stone."  Reply Br. at 2-3.  However, the court in *Warren* did not analyze the language of

25   section 109(h), but considered the provision for automatic dismissal under section

26   521(a)(1) for failure to file the financial disclosures required by that statute.  In *Warren*, the

27   debtor brought a motion to dismiss her chapter 7 case, after the trustee discovered

28   undisclosed assets, based on her failure to comply with the 45-day deadline to provide the

                                            13

United States District Court

For the Northern District of California

1   financial disclosure information required by § 521(a)(1).  In *Warren*, the debtor sought

2   dismissal of her own bankruptcy case, arguing that § 521(i)(1) required that a case "shall

3   be automatically dismissed effective on the 46th day" if the debtor fails to file timely the

4   information required by § 521(a)(1).  As the bankruptcy appellate panel held in *Mendez*,

5   367 B.R. at 119, the court of appeals held in *Warren* that the bankruptcy court properly

6   denied the debtor's motion to dismiss, noting that a contrary construction of § 521(a)(1) and

7   521(i)(1) would be inconsistent with the legislative intent of § 521 to prevent debtor abuse.

8   *In re Warren*, 568 F.3d at 1118.  The Ninth Circuit also noted that, in enacting § 521,

9   Congress never intended to strip the bankruptcy court of the flexibility it needs to "respond

10  intelligently to a debtor who is attempting to manipulate the system simply because the

11  forty-five day deadline has passed."  *Id.* at 1119 (internal citations omitted).  The holding of

12  *Warren* does not support Kun's contention that the language of section 109(h) is

13  ambiguous or does not clearly require strict compliance for debtor eligibility.

14      Kun also relies on *Warren* to support his contention that BAPCPA was intended to

15  prevent abusive bankruptcy filings, and that the bankruptcy court did not make any finding

16  that debtors' bankruptcy filings were abusive.  Reply Br. at 3 (citing *In re Warren*, 568 F.3d

17  at 1114).  While section 707(b)(3)(A) provides that the court may consider bad faith as

18  grounds for dismissal pursuant to section 707(b) for an abuse of chapter 7, *see In re*

19  *Mitchell*, 357 B.R. 142, 150 (Bankr. C.D. Cal. 2006), the bankruptcy court did not order

20  dismissal pursuant to section 707(b) here.  Rather, the court ordered dismissal for cause

21  pursuant to section 707(a), which does not require a finding of bad faith or abusive tactics.

22      The court finds *Gibson* to be well-reasoned, basing its interpretation of § 109(h) on

23  the plain language of the statute, "which includes that 'an individual may not be a debtor

24  under this title unless such individual has' complied with the credit counseling requirement."

25  2011 WL 7145612 at *3 (quoting 11 U.S.C. § 109(h)).  *See also In re Ingram*, 460 B.R. 904,

26  910 (B.A.P. 6th Cir. 2011) ("The requirements of § 109(h) are clear and unambiguous.  As

27  such, the bankruptcy court, except in the limited circumstances set forth in § 109(h)(2), (3),

28  and (4) which were not present here, did not have discretion to ignore, modify, or defer the

United States District Court

For the Northern District of California

1   requirements of § 109(h)(1).").  The court concludes as a matter of law that failure to

2   comply with the credit counseling requirement under section 109(h) establishes cause for

3   dismissal under section 707(a).

4        To the extent that Kun relies on *Bricksin* to show that the bankruptcy court abused

5   its discretion in dismissing the case for failure to comply with § 109(h), *Bricksin* is readily

6   distinguishable from this case because Kun has not demonstrated any efforts by debtors

7   here to participate in a debt repayment plan within 180 days of filing their petition, as the

8   bankruptcy court found significant in *Bricksin*.  *In re Bricksin*, 346 B.R. at 502.  Based on

9   the record, the court finds no abuse of discretion in the bankruptcy court's decision to

10  dismiss the case.

11        **3.      Disgorgement of Retainer Fee**

12        Kun contends that the flat fee advance retainer paid by debtors could not be

13  disgorged because the retainer fees were paid before filing the petitions, and are therefore

14  not part of the bankruptcy estate.  The decision of the bankruptcy court to order an attorney

15  to disgorge fees is subject to review for abuse of discretion.  *Hale*, 509 F.3d at 1146.

16        The Bankruptcy Code grants bankruptcy courts the authority to monitor and regulate

17  compensation to a debtor's attorney.  *See* 11 U.S.C. § 329 (authorizing bankruptcy courts

18  to order the return of a debtor's attorney's compensation when the compensation "exceeds

19  the reasonable value of any such services"); Fed. R. Bankr. P. 2016 (requiring a debtor's

20  attorney to file statement required by section 329 concerning compensation paid or agreed

21  to be paid).

22        Section 329 governs a debtor's transactions with attorneys and provides as follows:

23             (a) Any attorney representing a debtor in a case under this title, or in
               connection with such a case, whether or not such attorney applies for
24             compensation under this title, shall file with the court a statement of
               the compensation paid or agreed to be paid, if such payment or
25             agreement was made after one year before the date of the filing of
               the petition, for services rendered or to be rendered in contemplation
26             of or in connection with the case by such attorney, and the source of
               such compensation.

27

28

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--
>
> (1) the estate, if the property transferred--
>
> (A) would have been property of the estate; or
>
> (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>
> (2) the entity that made such payment.

11 U.S.C. § 329.  Furthermore, Federal Rule of Bankruptcy Procedure 2017 provides that upon noticed motion and hearing, the court may determine whether any payment of fees by the debtor is excessive:

> On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

Fed. R. Bankr. P. 2017(b).  Rule 2017 implements section 329.  *In re Biggar*, 110 F.3d 685, 687 (9th Cir. 1997) (citing Fed. R. Bankr. P. 2017 advisory committee's note (1983)).

Kun relies on *Lamie v. United States Trustee* to support his argument that a pre-filing retainer fee, such as the $1,000 paid by debtor here, is an acknowledged practice of the profession and is not part of the bankruptcy estate, and therefore not refundable.  Appellant Br. at 6.  In *Lamie*, the Supreme Court construed sections 327 and 330 of the Bankruptcy Code, and held that, according to the plain meaning of § 330(a), only attorneys employed under § 327 and approved by the court are entitled to receive compensation from the bankruptcy estate.  540 U.S. at 534-35.  "Sections 327 and 330, taken together, allow Chapter 7 trustees to engage attorneys, including debtors' counsel, and allow courts to award them fees."  *Id.* at 537.  The Supreme Court recognized, however, that § 330(a)(1) does not prevent a debtor from paying a bankruptcy attorney in advance of filing a chapter 7 petition.  "It appears to be routine for debtors to pay reasonable fees for legal services before filing for bankruptcy to ensure compliance with statutory requirements.  [Citation

16

United States District Court

For the Northern District of California

1    omitted.] So our interpretation accords with common practice. Section 330(a)(1) does not

2    prevent a debtor from engaging counsel before a Chapter 7 conversion and paying

3    reasonable compensation in advance to ensure that the filing is in order." *Id.* at 537-38.

4         Kun relies on the advance payment exception, as recognized in *Lamie*, to argue that

5    a prepetition retainer fee cannot be disgorged because it is not part of the bankruptcy

6    estate. Kun confuses the bankruptcy court's authority to order disgorgement of fees under

7    section 329, with the bankruptcy court's authority under section 330 to compensate

8    attorneys who are hired and approved under section 327. As the bankruptcy court

9    recognized in *In re Blackburn*, 448 B.R. 28, 38 (Bankr. D. Idaho 2011), *Lamie* held that

10   prepetition retainer fees "are not estate property for which § 330 approval is required." The

11   issue of court approval for payment of attorney compensation pursuant to section 330 is

12   not presented here, however. Rather, the issue presented on Kun's appeal is whether the

13   bankruptcy court had authority to order Kun to return each debtor's $1,000 retainer fee as

14   excessive pursuant to § 329. Kun cites no authority that deprives the bankruptcy court of

15   its authority to order the debtor's attorney to return compensation that exceeds the

16   reasonable value of the services rendered pursuant to 11 U.S.C. § 329(b), which provides

17   that "[i]f such compensation exceeds the reasonable value of any such services, the court

18   may cancel any such agreement, or order the return of any such payment, to the extent

19   excessive."

20        In *Hale v. United States Trustee*, the Ninth Circuit held, "Under § 329(b), a

21   bankruptcy court may examine the reasonableness of a debtor's attorney fees and, 'if such

22   compensation exceeds the reasonable value of any such services, the court may cancel

23   any such agreement, or order the return of any such payment, to the extent excessive.'"

24   509 F.3d at 1147. In *Hale*, the court found that the bankruptcy court did not abuse its

25   discretion in disgorging the debtors' attorney of his fees where "the only service Hale

26   provided to Debtors was the completion of a bankruptcy petition that was incomplete and

27   erroneous and that required extensive amendments." *Id*.

28

17

United States District Court

For the Northern District of California

1      Here, the bankruptcy court held a hearing on the trustee's motion to disgorge fees in

2  each case.  At the hearing on the motions in *In re Gilda Alvarado*, the bankruptcy court

3  ordered Kun to disgorge his fees pursuant to section 329 and Federal Rule of Bankruptcy

4  Procedure 2017 after finding that "in not getting the credit counseling within the proper time

5  period is why Ms. Alvarado is not going to get the benefit of this bankruptcy, and she needs

6  relief, and she needs to pay another lawyer, and you ought to pay that other lawyer by

7  giving her back the thousand dollars."  Oct. 5, 2012 Transcript at 17.  At the *In re Reyna

8  Alvarado* motion hearing, the bankruptcy court found that the fee was unreasonable

9  because "a lawyer who takes a thousand dollars to file a bankruptcy for a client for a case

10  that is dismissed for failed – defect in the qualification, namely, and untimely credit

11  counseling, has not provided any benefit."  Nov. 9, 2012 Transcript at 7.  The bankruptcy

12  court rejected Kun's argument that the fee was reasonable and was not part of the estate,

13  and held that the disgorgement of fees was governed by section 329 as well as rule 2017.

14  *Id.*

15      Kun also argues that attorney's fees that are not property of the estate are governed

16  by state law, which does not recognize summary disgorgement.  Appellant Br. at 7.  Under

17  Ninth Circuit authority, however, the bankruptcy court has "inherent authority over the

18  debtor's attorney's compensation."  *In re Lewis*, 113 F.3d 1040, 1045 (9th Cir. 1997).

19              The Bankruptcy Code contains a number of provisions (e.g., §§ 327,
                329, 330, 331) designed to protect the debtor from the debtor's
20              attorney.  As a result, several courts have recognized that the
                bankruptcy court has broad and inherent authority to deny any and
21              all compensation when an attorney fails to meet the requirements of
                these provisions.
22

23  *Id.*  In particular, the court in *Lewis* cited Fourth Circuit authority recognizing that

24  section 329 and rule 2017 are designed to protect the creditors and the debtor against

25  overreaching by attorneys.  *Id.* (citing *In re Walters*, 868 F.2d 665, 668 (4th Cir. 1989)).

26      Kun offers no authority for the proposition that being paid his fees prior to filing the

27  chapter 7 petition would divest the bankruptcy court of its authority under § 329 to order

28  him to return fees that it has determined to be excessive or unreasonable.  In *Lamie*, the

United States District Court

For the Northern District of California

1    Supreme Court expressly recognized that the Bankruptcy Code anticipates such advance

2    fee arrangements, and authorizes the bankruptcy court's oversight of the reasonableness

3    of those fees, by requiring that "debtors' attorneys must disclose fees they receive from a

4    debtor in the year prior to its bankruptcy filing and courts may order excessive payments

5    returned to the estate." *Lamie*, 540 U.S. at 538 (citing 11 U.S.C. § 329).  Upon notice and

6    hearing on the trustee's motions, the bankruptcy court had authority under 11 U.S.C.

7    § 329(b) and Federal Rule of Bankruptcy Procedure 2017(b) to order Kun to return to

8    debtors any fees that exceeded the reasonable value of the services provided.  *Hale*, 509

9    F.3d at 1147; *In re Jastrem*, 253 F.3d 438, 443 (9th Cir. 2001).  The court determines that

10   the bankruptcy court did not abuse its discretion in ordering disgorgement upon finding that

11   the fees were unreasonable.

12         **4.      Authority of Trustee**

13         Kun contends that the trustee lacks standing and exceeded his authority in these

14   cases by seeking disgorgement of fees.  Kun argues that the trustee is authorized by

15   statute to appear and supervise the attorney's fee applications under § 330, but may not

16   ask the bankruptcy court to disgorge fees because he is not expressly authorized to seek

17   disgorgement under § 329.  Appellant Br. at 8-9 (citing 28 U.S.C. § 586(a)(3)(A)).  Kun

18   does not cite authority for this restrictive view of the trustee's powers, which contradicts

19   statutory provisions that generally confer standing on the trustee to appear on issues raised

20   in bankruptcy, as recognized by the Ninth Circuit and other appellate authority.

21         Section 586 enumerates the duties of the United States trustee, which include

22   "reviewing, in accordance with procedural guidelines adopted by the Executive Office of the

23   United States Trustee (which guidelines shall be applied uniformly by the United States

24   trustee except when circumstances warrant different treatment), applications filed for

25   compensation and reimbursement under section 330 of title 11."  28 U.S.C.  § 586(a)(3)(A).

26   Section 586 does not, however, limit the trustee's authority to the enumerated duties.  As

27   the trustee correctly points out, section 586(a)(5) broadly authorizes "[e]ach United States

28   trustee, within the region for which such United States trustee is appointed . . . [to] perform

the duties prescribed for the United States trustee under title 11 and this title, and such

duties consistent with title 11 and this title as the Attorney General may prescribe."  Section

307 of title 11, in turn, provides that the United States Trustee "may raise and may appear

and be heard on any issue in any case or proceeding under this title but may not file a plan

pursuant to section 1121(c) of this title."  11 U.S.C. § 307.  The plain language of the

statute confers standing on the trustee to raise any issue in bankruptcy, except to file a

chapter 11 plan.

The legislative history of section 307 also demonstrates that the statute was

intended to confer standing on the trustee to challenge the reasonableness of fees and

seek disgorgement under section 329.  As the Third Circuit articulated in *In re Columbia*

*Gas Sys. Inc.*, 33 F.3d 294 (3d Cir. 1994), Congress enacted the Bankruptcy Act of 1986 to

expand the United States Trustee Program, and the House Report accompanying the

statute listed certain broad general responsibilities of the trustee, such as "'to monitor

applications for compensation and reimbursement.'"  *Id.* at 296 (quoting H.R. Rep. No. 764,

99th Cong., 2d Sess. 24 (1986), reprinted in 1986 U.S.C.C.A.N. 5227, 5237).  The Third

Circuit found that "in discussing the standing of the U.S. Trustee the Report did not limit it

to the specific duties referred to above." *Id.*  The court in *Columbia Gas Systems*  quoted

the House Report as evidence of congressional intent to confer standing on the trustee to

raise "any issue in any case or proceeding" in bankruptcy:

> The U.S. Trustee is given *standing* to raise, appear, and be heard *on*
> *any issue in any case* or proceeding under title 11, U.S. Code -
> except that the U.S. Trustee may not file a plan in a chapter 11 case.
> In this manner, the *U.S. Trustee is given the same right to be heard*
> *as a party in interest,* but retains the discretion to decide when a
> matter of concern to the proper administration of the bankruptcy laws
> should be raised.

*Id.* (quoting H.R. Rep. No. 764, 99th Cong., 2d Sess. at 27, 1986 U.S.C.C.A.N. at 5240)

(emphasis added in original).  The Third Circuit concluded that enactment of section 307,

which provides that the United States Trustee "may raise and may appear and be heard on

any issue in any case or proceeding under this title but may not file a plan pursuant to

section 1121(c) of this title," reflects this intent.  *Id.*  "It is difficult to conceive of a statute

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1    that more clearly signifies Congress's intent to confer standing." *Id.  See also Hayes & Son*

2    *Body Shop, Inc. v. United States Trustee*, 124 B.R. 66, 68 (W.D. Tenn. 1990) (U.S. Trustee

3    had standing to object to the reasonableness of the fees sought by a chapter 11 debtor's

4    attorney, noting that "[t]he language, legislative history, and judicial interpretation of § 307

5    reveal that Congress intended to enhance the role of the United States Trustee by

6    permitting direct involvement in bankruptcy proceedings"), *aff'd on other grounds*, 958 F.2d

7    371 (6th Cir. 1992) (per curiam).

8         Although the Ninth Circuit has not considered the precise question whether the

9    trustee has standing under section 329 to seek disgorgement of fees, the Ninth Circuit has

10   recognized that the trustee has standing under section 307 to appear on any issue in any

11   case or proceeding and has standing to appeal from denial of a motion seeking

12   disgorgement.  In *Stanley v. McCormick* (*In re Donovan Corp.*), 215 F.3d 929 (9th Cir.

13   2000), the bankruptcy court denied the trustee's motion for disgorgement of fees previously

14   paid to counsel for the former debtor in possession.  The trustee filed an appeal with the

15   district court, which dismissed the appeal on the ground that the trustee lacked standing

16   because the creditors who arguably could have benefitted from the disgorgement did not

17   express any interest.  The trustee appealed the decision that she lacked standing, and the

18   court of appeals reversed, holding that the trustee had standing to appeal the bankruptcy

19   court's ruling on her motion for disgorgement.  *Id.* at 930.  The Ninth Circuit cited 11 U.S.C.

20   § 307, which states, "The United States trustee may raise and may appear and be heard

21   on any issue in any case or proceeding under this title but may not file a plan pursuant to

22   section 1121(c) of this title."  The court in *Donovan* reasoned that "[t]he United States

23   trustee may be heard on any issue in any case or proceeding under title 11.  The case at

24   bar was a proceeding under title 11.  Therefore the trustee had standing to appeal the

25   bankruptcy court's denial of her motion."  215 F.3d at 930.  The court further held that "[t]he

26   United States trustee 'may also intervene and appear at any level of the proceedings from

27   the bankruptcy court on, 11 U.S.C. § 307, as either a party or an amicus.'"  *Id.* (quoting

28   *Bernard v. Coyne*, 31 F.3d 842, 844 (9th Cir. 1994)).

1    Furthermore, Rule 2017, which implements section 329, expressly provides that the

2   trustee may file a motion to determine whether any payment of fees by the debtor is

3   excessive. Fed. R. Bankr. P. 2017(b) ("On motion by the debtor, the United States trustee,

4   or on the court's own initiative, the court after notice and a hearing may determine whether

5   any payment . . . by the debtor to an attorney after entry of an order for relief in a case

6   under the Code is excessive"). The weight of authority supports the determination that the

7   trustee had standing to seek disgorgement of excessive fees.

8                                  **CONCLUSION**

9    For the reasons set forth above, the orders of the bankruptcy court dismissing the

10   bankruptcy cases and requiring disgorgement of attorney's fees are AFFIRMED. This

11   order fully adjudicates the appeals and terminates all pending motions for these

12   consolidated cases. The clerk shall close the files.

13   **IT IS SO ORDERED.**

14

15   Dated:    April 29, 2013

16                                                    _____
                                                      PHYLLIS J. HAMILTON
17                                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28